# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1399

JILL E. DURKIN, TRUSTEE FOR BANKRUPTCY ESTATE OF DEBTOR RALPH E. PARKHURST, III,

*Appellant*

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.

Appeal from U.S. District Court, M.D. Pa.
Judge Karoline Mehalchick
No. 4:23-cv-00721

Before: MATEY, CHUNG, and AMBRO, *Circuit Judges*
Submitted Under Third Circuit L.A.R. 34.1(a) on January 12, 2026
Decided: January 23, 2026

NONPRECEDENTIAL OPINION[*]

CHUNG, *Circuit Judge*.   Jill E. Durkin, as Trustee for the Bankruptcy Estate of Ralph E. Parkhurst, III, brought this action against State Farm Mutual Automobile Insurance Company, asserting claims for breach of contract and bad faith pursuant to 42 Pa. Cons. Stat. § 8371.  The District Court granted State Farm's motion for summary judgment as to all claims.  For the reasons that follow, we will affirm the judgment of the District Court.

---

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

# I. **BACKGROUND**[1]

On July 18, 2015, Kevin Parkhurst[2] was driving the car of his father, Ralph Parkhurst, and got into an accident that left another driver seriously injured. On July 20, 2015, Parkhurst filed a claim with his insurer, State Farm. The next day, State Farm denied Parkhurst's claim because Kevin was specifically excluded from coverage per a named driver exclusion. Kevin was not otherwise insured. The named driver exclusion was effected in September 2009 at the request of Parkhurst's State Farm agent.

On March 24, 2017, the injured driver sued Parkhurst. Having denied coverage, State Farm did not provide Parkhurst a defense, and the injured driver secured a $5.29 million judgment against Parkhurst. Parkhurst was unable to pay the judgment and filed for bankruptcy.

Durkin filed the instant suit against State Farm in the Bradford County Court of Common Pleas. The case was later removed to the United States District Court for the Middle District of Pennsylvania. The District Court granted State Farm's motion for summary judgment. Durkin appeals.

## II. **ANALYSIS**[3]

On appeal, Durkin challenges the District Court's order granting summary judgment as

---

[1] Because we write for the parties, we recite only the facts pertinent to our decision.

[2] We will refer to Kevin Parkhurst by first name only and Ralph Parkhurst by his last to distinguish them from each other.

[3] The District Court had jurisdiction under 28 U.S.C. § 1332(a). This Court has jurisdiction under 28 U.S.C. § 1291.

to both her breach of contract claim ("Count One") and her statutory bad faith claim ("Count Two").

We review the District Court's order granting summary judgment *de novo*. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018). To prevail, State Farm as the moving party must show "that there is no genuine dispute as to any material fact and [State Farm] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). State Farm also has the burden of demonstrating "that it has produced enough evidence to support the findings of fact necessary to win" on any affirmative defense it raises. El v. Se. Pa. Transp. Auth., 479 F.3d 232, 237 (3d Cir. 2007). If State Farm makes that showing, it falls to Durkin to "produce[] or point[] to evidence in the record that creates a genuine issue of material fact." Id. at 238. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Bare assertions, conclusory allegations, or suspicions will not suffice." Jutrowski, 904 F.3d at 288-89 (citation omitted).

## A. Breach of Contract

### 1. Validity of the Named Driver Exclusion

Durkin asserts that there is a genuine dispute that the named driver exclusion was invalid under Pennsylvania Law and thus, a genuine dispute that Parkhurst was improperly denied coverage. **A8.** Under Pennsylvania's Motor Vehicle Financial Responsibility Law, when an insured person requests a named driver exclusion, the exclusion is valid only if "the excluded person is insured on another policy of motor vehicle liability insurance." 75 Pa. Cons. Stat. § 1718(c)(2). On the other hand, if the insurer requests the exclusion, the

3

exclusion's validity does not depend on whether the excluded person is otherwise insured. See id.

In answering the Complaint and in moving for summary judgment, State Farm invoked the named driver exclusion as an affirmative defense and bears the burden of "show[ing] that it has produced enough evidence to support the findings of fact necessary to win" on that defense. El, 479 F.3d at 237; see Kramer v. Nationwide Prop. & Cas. Ins. Co., 313 A.3d 1031, 1039 (Pa. 2024) (at trial, insurer bears burden of proving the validity of the exclusion).[4]

State Farm has met this burden. State Farm generally supports its assertion that it requested the exclusion with: (1) a claim note dated August 12, 2021; (2) an internal 2021 email from Aimee Carr, Senior Auto Underwriter, which contains a screen capture of a file notation from 2008 and which notes Kevin Parkhurst's license status in 2009; and (3) an affidavit from Carr. The claim note and email explain that State Farm requested the exclusion because Kevin's license was suspended at the time. The notarized affidavit reasserts the same. The 2008 file note, 2009 driver license record, the timing of the request, the fact that the request was made by the agent, Kevin's lack of other insurance (which would foreclose the agent from requesting a valid exclusion on behalf of Parkhurst under

_____

[4] We agree with Durkin that the District Court may have placed the initial burden on her. Durkin, Tr. for Bankr. Est. of Parkhurst v. State Farm Mut. Auto. Ins. Co., No. 4:23-cv-00721, 2025 WL 462081, at *4 (M.D. Pa. Feb. 11, 2025). Nonetheless, the outcome is unchanged as, once the burden shifted, Durkin failed to meet it (as discussed below).

4

Pennsylvania law), and Carr's later explanation,[5] are "enough evidence to support the findings of fact necessary [for State Farm] to win," El, 479 F.3d at 237. That is, State Farm has offered sufficient evidence from which a reasonable jury could find that a valid named driver exclusion was requested by State Farm.

The burden consequently shifts to Durkin to "produce[] or point[] to evidence in the record that creates a genuine issue of material fact" that Parkhurst requested the exclusion. Id. at 238. But Durkin only emphasizes that the records of Parkhurst's State Farm insurance agent do not date back as far as the time that the exclusion was requested, and suggests that those records *could* indicate that Parkhurst initiated the exclusion. At most, Durkin merely speculates that it is *possible* that Carr's email and affidavit are factually incorrect, and that it remains unknown what the agent's original records might indicate. Durkin offers no evidence to show that Ralph Parkhurst requested the exclusion, though. Nor does she offer evidence that calls into question the reliability of State Farm's evidence.[6] This does not suffice to create a genuine dispute of material fact. Jutrowski,

---

[5] Durkin now raises several evidentiary challenges to Carr's affidavit and the August 12, 2021 claim note. Of these, the only challenge presented to the District Court—and as such, not forfeited, Oxford House, Inc. v. Twp. of N. Bergen, 158 F.4th 486, 495 n.2 (3d Cir. 2025)—is to Durkin's personal knowledge for purposes of the affidavit due to the passage of time. We need not resolve this evidentiary question on appeal. Even if Carr's affidavit failed to satisfy the evidentiary requirements of Fed. R. Civ. P. 56(c)(4), the affidavit is not the only record material in support of summary judgment.

[6] Durkin suggests that State Farm's records were improperly destroyed and states she "might" be entitled to an adverse inference instruction. She only cites the elements of spoliation in a footnote, though, and offers no argument how the loss of these records amounts to spoliation.

5

904 F.3d at 288-89. Because State Farm has made the requisite showing, and Durkin has presented no evidence to the contrary, the District Court did not err in concluding that no genuine dispute of material fact existed. See In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) ("[The moving party's witnesses' testimony] finds substantial corroborating evidence in the record and, in the absence of any contrary evidence, we believe it would have to be accepted by a reasonable jury."). We will accordingly affirm the grant of summary judgment on Durkin's claim that State Farm breached its contract with Parkhurst when it denied coverage per the named driver exclusion.

### 2. Contractual Bad Faith Claim

Durkin argues that the District Court erred by failing to analyze the bad faith component of her breach of contract claim ("contractual bad faith claim").[7] We have recognized that Pennsylvania permits bad faith claims in both the breach-of-contract context and pursuant to Pennsylvania's bad-faith statute. Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487, 496-97 (3d Cir. 2015). However, a contractual bad faith claim will not stand if it is identical to a contractual claim for denial-of-coverage. See Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 91-92 (3d Cir. 2000) ("[A] party is not entitled to maintain an implied duty of good faith claim where the allegations of bad faith are 'identical to' a claim for 'relief under an established cause of action.'" (citation omitted)). Durkin does not state

---

[7] The District Court granted summary judgment on Durkin's common law bad faith claim, to the extent that she alleged such a claim under Count Two of the Complaint. Durkin, 2025 WL 462081, at *5. Durkin does not challenge this aspect of the District Court's decision.

a non-identical bad faith contract claim, though. Interpreting her argument generously, we might understand Durkin to assert that State Farm's failure to investigate Parkhurst's claim in a timely manner and denial of coverage constituted a breach of its contractual implied duty of good faith and fair dealing. But Durkin did not allege in her Complaint, nor argue before the District Court or here, that State Farm had a contractual duty to investigate her claim before denying it; that a violation of that duty is actionable as a contractual bad faith claim; and, that, if it is, it remains viable separate and apart from a related contractual claim for denial of coverage. In other words, although Durkin faults the District Court for not considering the "merits" of her contractual bad faith claim, Opening Br. at 55 n.17, she did (and does) not argue any "merits" that differ from the rest of her breach of contract claim. Hence, she failed to develop any basis upon which the District Court or we can conclude that the contractual bad faith component of Count One is not identical to her denial of benefits theory of breach. The District Court accordingly did not err when it did not separately address this aspect of Count One, and we will affirm the District Court's grant of summary judgment.

## B. Statutory Bad Faith Claim

To prevail on a claim of bad faith under Section 8371, a plaintiff must prove "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017).

We agree with the District Court that Durkin has failed to offer evidence that creates a genuine dispute State Farm had no reasonable basis to deny coverage. To the contrary, as

7

discussed above, State Farm has presented record evidence that Kevin Parkhurst was lawfully excluded from the insurance policy, which Durkin has not answered. Thus, Durkin failed to meet her burden at summary judgment on the first prong of her statutory bad faith claim. See Gibson v. State Farm Mut. Auto. Ins. Co., 994 F.3d 182, 191 (3d Cir. 2021) ("[A]ll that is needed to defeat a claim of bad faith under [Section] 8371 is evidence of a reasonable basis for the insurer's actions or inaction.").[8]

Because Durkin has failed to meet her burden as to the first prong of her statutory bad faith claim, we need not address whether summary judgment was also warranted based on the second prong. Similarly, we need not address the District Court's conclusion that State Farm was entitled to summary judgment because a Section 8371 claim cannot be "the sole claim of an insured." Polselli v. Nationwide Mut. Fire Ins. Co., 126 F.3d 524, 529 (3d Cir. 1997); Durkin, 2025 WL 462081, at *5 (finding that Durkin's statutory bad faith claim also could not proceed as summary judgment was granted on her breach-of-contract claim, leaving her statutory bad faith claim as her sole claim).

\* \* \* \* \*

For the reasons stated above, we will AFFIRM.

---

[8] Durkin argues that the District Court disregarded the expert report of David Paige, in which Paige opined that State Farm acted in bad faith. However, the District Court expressly considered Paige's report. Durkin, 2025 WL 462081, at *1 n.2.